## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **DAVID A. JONES** | **CASE NO.  6:22-CV-00901 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DUSTIN BICKHAM** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Pro se petitioner David A. Jones, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on March 17, 2022.  Rec. Doc. 1. Petitioner attacks his conviction for second degree murder and the life sentence imposed thereon by the Fifteenth Judicial District Court, Lafayette Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the reasons stated below, **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as untimely.

### I.    Background

David A. Jones was convicted on an unknown date in the 15th Judicial District Court on one charge of second-degree murder.  His direct appeal was denied by the Louisiana Supreme Court on March 18, 2005.  *State v. Jones*, 2004-2854 (La.

11/28/05), 916 So. 2d 124.  Petitioner filed an Application for Post-Conviction Relief in the trial court on March 13, 2007.  *See* doc. 1, p. 3, ¶ 11.  The last ruling by the state court in this matter was the Louisiana Supreme Court's denial of Jones' Application for Supervisory and/or Remedial Writs, issued on October 11, 2013. *State ex rel. Jones v. State*, 2013-1040 (La. 10/11/13), 123 So. 3d 1225.

On March 17, 2022, the instant petition for writ of habeas corpus was filed.

## II.    Law & Application

### A. *Rule 4 Review*

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Limitations*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in

federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

On March 18, 2005, the Louisiana Supreme Court denied petitioner's writ application on direct appeal. *State v. Jones*, 2004-2854 (La. 11/28/05), 916 So. 2d 124. Accordingly, the petitioner's judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days after the Louisiana Supreme Court denied writs on direct review, or on June 16, 2005, when the time limits for seeking further direct review by filing a petition for certiorari in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari.") Thus, petitioner had one year, or until June 16, 2006, to file his habeas corpus petition.

-3-

However, section 2244(d)(2) tolls the limitation provision for filing a section

2254 petition during the pendency of certain state court proceedings:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Jones was unable to toll the AEDPA's limitations period.  By the time he filed

his first application for post-conviction relief, on March 13, 2007 (*see* doc. 1, p. 3, ¶

11), the limitations period had already expired and could not thereafter be revived.

*See Villegas*, 184 F.3d 467.   Thus, none of petitioner's post-conviction pleadings

could serve to toll the running of the limitations period. This petition is clearly time-

barred by the provisions of the AEDPA.

The Fifth Circuit has held that § 2244(d)'s limitations period can, in rare and

exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806,

810 (5th Cir. 1998). However, equitable tolling "applies principally where the

plaintiff is actively misled by the defendant about the cause of action or is prevented

in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826

F.3d 843, 851 (5th Cir. 2016) (quotations omitted). "A petitioner's failure to satisfy

the statute of limitations must result from external factors beyond his control; delays

of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th

Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the

petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quotations omitted).

Jones does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled, nor has he asserted that he was prevented in some extraordinary way from asserting his rights. Accordingly, Jones cannot provide the rare and exceptional circumstances for tolling the limitations period applicable to such petitions and his petition must be dismissed as untimely.

### III.  Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time**

frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 21st day of June, 2022.

**Patrick J. Hanna**
**United States Magistrate Judge**